PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT DAVID RUSSO, | ) | |
| | ) | CASE NO. 4:17CV0284 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTION, | ) | |
| *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Vincent David Russo, a state prisoner incarcerated in the Ohio State Penitentiary, has filed this *in forma pauperis* federal civil rights action under 42 U.S.C. §1983 against the Ohio Department of Rehabilitation and Corrections ("ODRC"), Institutional Inspector Wolfe, and Lieutenant Brown. ECF No. 1. Plaintiff complains of due process violations caused by the implementation of a new mail policy at the ODRC. *Id.* at PageID #: 4-5. For the alleged due process violations, Plaintiff asks the Court for "financial" damages and "to investigate and relieve the ODCR of enforcing this [mail] policy." *Id*. at PageID #: 6.

## I. Background

Plaintiff alleges that, under a new mail policy released by the ODRC, colored envelopes, papers, and cards, embossed envelopes, and laminated stickers are all considered prohibited items. *Id*. at PageID #: 4. Plaintiff complains that if an inmate is sent a prohibited item, it is

(4:17CV0284)

photocopied, sent to the inmate on a blank white piece of paper, and the original item is thrown away. *Id.*

Under the new policy, Plaintiff alleges that the property of inmates is being improperly handled and destroyed without due process because mail room staff are throwing away mail items determined to be prohibited without offering inmates an opportunity to decide whether to send the mail home at their own expense or to have it destroyed. *Id.* at PageID #: 4-5. Plaintiff also alleges that the ODRC policy provides forms for this purpose, but the form is not being used because "mailroom staff deem it 'too much work'" *Id.* Plaintiff states that he complained about the practice, and the Institutional Inspector "found no[thing] wrong with mailroom staff throwing away" inmate mail. *Id*. at PageID #: 4.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Federal district courts are expressly required, under 28 U.S.C. §1915A, to review any complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee, and to dismiss before service any such complaint that the district court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A.

(4:17CV0284)

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin,*, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### III. Discussion

Upon review, the Court finds that Plaintiff's Complaint (ECF No. 1) must be dismissed pursuant to §1915A. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a §1983 claim under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to §1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. *See also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) ("in [§]1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate").

3

(4:17CV0284)

There is no indication from the Complaint that Plaintiff has sought relief from the Ohio courts regarding his property. Accordingly, the Complaint does not state a cognizable constitutional due process claim.

### IV.  Conclusion

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 April 28, 2017                                      */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                    United States District Judge